### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA E. MEHRMAN<br>6615 Jackson Street<br>Philadelphia, PA 19135 | : <br> : <br> : |
| Plaintiff | : |
| vs. | : |
| | :     CIVIL ACTION NO. _____ |
| HEALTHCARE SERVICES GROUP, INC.<br>3220 Tillman Drive, Suite 300<br>Bensalem, PA 19020 | : <br> : <br> : |
| Defendant | : |

### CIVIL ACTION – COMPLAINT

Laura E. Mehrman ("Plaintiff") brings this action against Defendant, Healthcare Services Group, Inc. for violations of the Age Discrimination in Employment Act, 29 U.S.C.A. §621, *et. seq.* ("ADEA"), the Americans with Disabilities Act, 42 U.S.C.A. §12101 *et. seq.* (as amended by the provisions of the Americans with Disabilities Amendments Act of 2008, P.L. 110-325)("ADA"), the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et. seq.* ("PHRA"), the Family Medical Leave Act, 28 U.S.C.A.§ 2601 *et. seq.* ("FMLA"), and for violation of Public Policy, for age discrimination, age disparate treatment, disability discrimination, disability disparate treatment, disability retaliation, interference discrimination and retaliation in violation of the FMLA, and for violation of Public Policy for retaliating against an employee for asserting rights to Workers' Compensation benefits.  Plaintiff alleges and avers:

### PARTIES

1.    Plaintiff, Laura E. Mehrman, is a fifty (50) year old adult female individual who currently resides at the above referenced address and at all times relevant was an employee of Defendant, Healthcare Services Group, Inc., working as a Dietician.

1

2.     Defendant, Healthcare Services Group, Inc. ("HSG") is an entity and organization duly existing under the laws of the Commonwealth of Pennsylvania, was Plaintiff's employer, and has a registered agent authorized to accept service of legal process at Corporation Services Company, 2704 Commerce Drive, #B, Harrisburg, PA 17110.

3.     At all times relevant, Defendant, HSG, agreed, accepted, adopted, acquiesced, and was otherwise bound by the actions, omissions, and conduct of its owners, officers, managers, employees, and agents, including Ambar Pintar.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction for Plaintiff's claims under the ADEA, ADA, and FMLA are proper under Federal Question Jurisdiction, 28 U.S.C.A. § 1331 and jurisdiction for Plaintiff's claims of violations of PHRA and Public Policy, are also proper under Supplemental Jurisdiction, 28 U.S.C.A. § 1367.

5.     Venue is proper before the United States District Court for the Eastern District of Pennsylvania as Defendant resides, is a citizen, and regularly conducts business in the Eastern District of Pennsylvania.  Additionally, all actions and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

6.     Plaintiff has administratively exhausted her claims of age discrimination and disability discrimination, having timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") and having received a Notice of Right to Sue.  See Exhibit "A".

## SUMMARY OF FACTS

7.     Plaintiff began employment with Defendant HSG as a Dietician in March 2009 and worked as a Dietician for Defendant until March 22, 2016 when she was terminated.

2

8. Plaintiff did work as a per diem during her employment with Defendant, between November 2011 and May 2012, and again briefly before her termination. but had returned to full-duty permanent work as of the time of her termination.

9. At times relevant to this litigation, Plaintiff was supervised by Amber Pintar.

10. Ms. Pintar began work for Respondent about six months before Plaintiff and is around twenty-four (24) years of age.

11. In 2015, Defendant promoted Ms. Pintar to be Plaintiff's supervisor.

12. Ms. Pintar referred to Plaintiff, at times, as "old lady."

13. On information and belief, Ms. Pintar held prejudices against Plaintiff due to her age.

14. In 2015, Plaintiff's thirteen year old daughter had the onset of a condition that required Plaintiff to take leaves of absence.

15. Plaintiff requested and was approved for intermittent Family Medical Leave Act (FMLA) for care of her minor daughter.

16. Soon after being approved for FMLA, Ms. Pintar's demeanor towards Plaintiff became more hostile.

17. Ms. Pintar required Plaintiff to report arrival and departure times from work, which were not required by other employees.

18. Ms. Pintar began docking Plaintiff's vacation time and Paid Time Off based on hours Plaintiff allegedly missed.

19. Ms. Pintar refused reasonable requests by Plaintiff, such as switching a patient that was more demanding.

20. In September 2015, Defendant HSG suspended Plaintiff with pay for

Insubordination and unprofessionalism.

21.    Plaintiff was demoted and her work location was moved to Lititz, Pennsylvania from Philadelphia, Pennsylvania.

22.    Defendant overly, unnecessarily, and disparately disciplined Plaintiff.

23.    Plaintiff had been critical of a younger employee.

24.    Ms. Pintar told Plaintiff that she would inform Plaintiff of any full-time position that became available in the Philadelphia area to put Plaintiff back to the position she had been prior to the demotion but, on information and belief, that did not happen.

25.    On information and belief, younger employees who were not on intermittent FMLA were offered these positions before Plaintiff due to Defendant's biases.

26.    In November, Plaintiff returned to full-time employment in Philadelphia, Pennsylvania.

27.    On December 3, 2015 Plaintiff was in a non-work related motor vehicle accident that caused her to miss work from December 18th to January 5, 2016.

28.    On January 6, 2016, Plaintiff returned to work but was injured in the course and scope of her employment lifting a briefcase.

29.    Plaintiff never returned to work.

30.    Plaintiff made a claim for Workers' Compensation benefits but was denied.

31.    Defendant made no attempt to return Plaintiff to employment.

32.    On March 19, 2016 Plaintiff emailed Defendant that she could return to work in a limited capacity, 4 hours a day with restrictions, on the advise of her treating physician.

33.    On March 22, 2016 Defendant sent a letter informing Plaintiff that she had been terminated, effective March 9, 2016.

34.     On information and belief, Plaintiff was replaced by a younger employee who had no disability, had not requested a leave of absence and had not asserted his or her right to Workers' Compensation benefits.

35.     On information and belief, Defendant violated its own policies, rules, and procedures in terminating Plaintiff.

36.     Defendant's age discrimination, disparate treatment, and retaliation consists of the hostile treatment, disparate treatment including demotions, refusal to return to work, and ultimate termination.

37.     Defendant's disability discrimination, disparate treatment, and retaliation was two-fold as there was conduct attributable to Plaintiff's care for her minor daughter and then Plaintiff's own health conditions which caused her to miss work and subsequently be terminated with no attempt by Defendant to maintain the employment relation.

38.     Defendant's violation of the FMLA includes discrimination and retaliation with respect to the treatment Plaintiff received referable to the intermittent FMLA she was on for her daughter and then no attempt to afford Plaintiff leave for her own serious health condition.

39.     Defendant's violation of public policy and termination of Plaintiff for having asserted her right to Workers' Compensation benefits arises from Plaintiff's application for the January 6, 2016 date of injury.

## COUNT ONE
### Age Discrimination – Discrimination / Disparate Treatment
*Age Discrimination in Employment, 29 USCA §621 et. seq.*
### Plaintiff v. Defendant

40. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

41. Defendant HSG is an employer under the ADEA because it is a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

42. Plaintiff is protected under the ADEA as she is over the age of forty.

43. At all times, Plaintiff was qualified for the position she worked for Defendant.

44. Plaintiff suffered an adverse employment action or decision when she was demoted, not informed of her opportunities to return to full-time work, and then subsequently terminated.

45. Plaintiff did not deserve a demotion and was subject to disparate treatment when she received the demotion.

46. Defendant ridiculed Plaintiff based on her age and it is alleged and believed Ms. Pintar was aware that despite being her manager and having six additional months of employment that Plaintiff had a higher rate of earning.

47. Defendant and Ms. Pintar treated Plaintiff in disparate manner with respect to work, pursuit of initiatives, discipline, performance appraisals, hiring, transfers, and ultimately termination.

48. Plaintiff suffered an adverse employment action when she was not informed of job opportunities that were closer to home.

49.    Plaintiff was replaced by sufficiently younger employees.

50.    The determinate factor in Plaintiff's demotion, disparate treatment, and termination was Plaintiff's age.

51.    As a direct and proximate result of Defendant HSG's, discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

52.    Defendant HSG's violation of the law was willful and thus Plaintiff is entitled to liquidated damages in the amount of double his lost wages and benefits.

**WHEREFORE,** Plaintiff, Laura E. Mehrman, demands relief from Defendant, Healthcare Services Group, Inc., in the form of compensatory damages, liquidated damages, equitable damages, nominal damages, and all other damages and relief deemed just and proper by the Court.

**COUNT TWO**
**Disability Discrimination**
*Americans with Disabilities Act, 42 USCA §12101 et. seq.*
<u>**Plaintiff v. Defendant**</u>

53.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

54.    Defendant HSG is an employer under the ADA because it is a partnership, association, corporation and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

55.    Plaintiff's minor daughter had a disability and thus Plaintiff had to take a leave of

7

absence to care for her daughter, which is conduct protected under the ADA and the Amended ADA effective January 1, 2009.

56.    Plaintiff further and later had a disability of her own under the ADA and under the Amended ADA effective January 1, 2009, as Plaintiff's injuries form the motor vehicle accident had limited her from performing major life activities that the average person in the general population can perform and/or significantly restricts the condition, manner, or duration that Plaintiff can perform the particular major life activity, including: walking, standing, running, climbing, lifting, and concentrating.

57.    Thus, Plaintiff is/was a qualified individual with a disability under the ADA because she had a disability that substantially limited major life activity/activities but, with or without a reasonable accommodation, she could perform the essential functions of her position.

58.    Defendant, HSG, retaliated and treated Plaintiff in disparate manner with respect to Plaintiff's care for her daughter by disparately treating Plaintiff, demoting Plaintiff, and ultimately terminating Plaintiff.

59.    Similarly Plaintiff had her own disability and Defendant disparately treated Plaintiff, having terminated Plaintiff.

60.    Defendant did not engage the interactive process to determine what, if any, positions Plaintiff could perform prior to her termination.

61.    Defendant terminated Plaintiff upon learning that Plaintiff had been authorized to return to work in a limited capacity, instead of trying to find Plaintiff a position.

62.    On information and belief, Defendant could have accommodated Plaintiff and further violated its own rules in terminating Plaintiff in the manner Plaintiff was terminated.

63.     Defendant retaliated against Plaintiff for her daughter's disability and her own disability and for having taken a leave of absence for her daughter and for herself by demoting her and ultimately terminating her.

64.     Plaintiff was replaced by an individual without a disability.

65.     As a direct and proximate result of Defendant HSG's, discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of bonus, loss of other amenities of employment, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

66.     Defendant HSG's, actions were willful, wanton, reckless, and otherwise support and warrant the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Laura E. Mehrman, demands relief from Defendant, Healthcare Services Group, Inc. in the form of compensatory damages, punitive damages, equitable damages, and all other damages and relief deemed just and proper by the Court.

**COUNT THREE**
**Age Discrimination and Disability Discrimination**
*Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 et. seq.*
**Plaintiff v. Defendant**

67.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

68.     Defendant HSG is an employer under the PHRA because it employs four or more persons within the Commonwealth. 43 P.S. § 954(b).

69.     Plaintiff is an employee under the PHRA pursuant to 43 P.S. § 954(c).

9

70.   Plaintiff was over forty at the time she was separated from employment and was or had been a qualified individual with a disability and/or cared for her minor daughter who had a disability, under Federal and State rules.

71.   Defendant HSG's above described actions and conduct were a direct result of, and were motivated by, unlawful discrimination in that Defendant, HSG, discriminated and retaliated against Plaintiff due to her age and/or disabilities.

72.   Defendant HSG's discrimination, disparate treatment, and retaliation violate the PHRA, 43 P.S. § 953, *et. seq.,* as well as the PHRA's federal counterparts above.

73.   As a direct and proximate result of the unlawful and discriminatory conduct on the part of Defendant, HSG, Plaintiff suffered damages including economic damages, non-economic damages, personal hardship, physical and emotional distress, anxiety, loss of reputation, and loss of life's pleasures.

**WHEREFORE,** Plaintiff, Laura E. Mehrman, demands judgment, in an amount to be determined, as follows: (a) compensatory damages; (b) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (c) costs and attorney's fees; (d) an order declaring the Defendant has violated the PHRA and requiring it to take appropriate corrective action to discrimination in the work place; and (e) for any other relief as the Court may deem equitable and just.

**COUNT FOUR**
**Discrimination and Retaliation**
*Family Medical Leave Act, 29 U.S.C.A. §2601 et. seq.*
<u>**Plaintiff v. Defendant**</u>

74.   Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

75.   Pursuant to 29 U.S.C.A. §2611(2)(A) and 29 U.S.C.A. §2612(a)(1)(D) Plaintiff was eligible and was approved for the Family Medical Leave Act because: (a) Plaintiff was an employee employed by Defendant, for at least 12 months and had at least 1,250 hours of service

with Defendant, during the preceding 12 month period; and, (b) Plaintiff suffered from a serious health condition, which is an illness, injury impairment, or physical or mental condition that involves continuing treatment by a health care provider and/or Plaintiff's required leave to care for the serious health condition of her minor daughter with whom she resided.

76.    Plaintiff was accepted and approved for FMLA and/or was eligible for FMLA with respect to her daughter's condition and took intermittent FMLA leave.

77.    Defendant, HSG, discriminated and retaliated against Plaintiff by using Plaintiff's eligibility and approval for intermittent FMLA leave as a motivating factor and determinative factor to treat her disparately, retaliate, and ultimately separate her from employment.

78.    Defendant, HSG, discriminated and retaliated against Plaintiff for taking leave of absence under the FMLA, and/or being eligible for FMLA, by demoting her, not informing her of new positions to return Plaintiff to full-time work, and terminating Plaintiff.

79.    Moreover, Defendant did not offer Plaintiff her own FMLA leave and thus interfered with Plaintiff taking leave after Plaintiff's own serious health condition.

80.    At all times, Defendant was aware that its actions were illegal, and would result in Plaintiff's separation from employment.

81.    Defendant, HSG, violated the FMLA by not returning Plaintiff to her same position or similar position and counting her time on leave against her in a material and adverse manner.

82.    As a direct and proximate result of Defendant, HSG's, discrimination and retaliation, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, mental anguish, painful embarrassment among family, friends, and co-workers, disruption of

personal life and loss of enjoyment of the ordinary pleasures of life.

83. Plaintiff demands favorable judgment against Defendant, for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant Staples, Inc. and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

84. The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of liquidated damages.

**WHEREFORE,** Plaintiff, Laura E. Mehrman, demands relief from Defendant, Healthcare Services Group, Inc., including compensatory damages, liquidated damages, out-of-pocket expenses, and all other damages and relief deemed necessary and appropriate under the law.

## COUNT FIVE
### Retaliation and Termination In Violation of Public Policy – Workers' Compensation
### *Shick v. Shirey,* 716 A.2d 1231 (Pa. 1998)
### Plaintiff v. Defendant

85. Plaintiff incorporates the foregoing Paragraphs as if set forth at length herein.

86. Defendant HSG is required to abide by Pennsylvania's public policy as Defendant has offices and employees providing services in Pennsylvania.

87. Defendant HSG violated public policy by terminating Plaintiff because Plaintiff had made a claim for Workers' Compensation benefits and was otherwise asserting her right to Workers' Compensation benefits.

88. Defendant terminated, discriminated, and retaliated against Plaintiff for asserting her Workers' Compensation rights and remedies.

89.     Defendant's actions violate the clear, mandated and well recognized underlying public policy of not retaliating against employees for exercising rights under the Workers' Compensation Act.

90.     As a direct and proximate result of Defendant HSG's wrongful termination of Plaintiff, Plaintiff has been deprived economic and non-economic benefits including but not limited to loss of wages, back-pay, front-pay, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of other employment amenities, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, disruption of personal life, alienation from society, humiliation , embarrassment, and the loss of enjoyment of the ordinary pleasures of life.

91.     The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of punitive damages.

**WHEREFORE,** Plaintiff, Laura E. Mehrman, demands relief from Defendant, Healthcare Services Group, Inc., including compensatory damages, economic damages, back-pay, front-pay, emotional harms, loss of reputation, punitive damages, equitable damages, and all other damages and relief deemed necessary and just by the Court.

Respectfully submitted,

KRAEMER MANES & ASSOCIATES, LLC

CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Kraemer Manes & Associates, LLC
1150 1st Avenue, Suite 501
King of Prussia, PA 19406
T: 610-844-1779
Fax: 610-646-7436
Email: cd@lawkm.com

Date: 9/26/2016

13

# Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Laura E. Mehrman<br>603 Continental Drive<br>Harleysville, PA 19438 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No.<br><br>530-2016-02795 | EEOC Representative<br>**Legal Unit,**<br>**Legal Technician** | Telephone No.<br><br>(215) 440-2828 |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

_____
**Spencer H. Lewis, Jr.,**
**District Director**

6/29/16
*(Date Mailed)*

Enclosures(s)

cc:     **HEALTHCARE SERVICES GROUP, INC.**

**Jeannie Fissinger, Vice President of Human**
**Resources (for Respondent)**

**Christopher J. Delgazio, Esq. (for Charging Party)**